UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANISHA FOSTER,	Case No.

                    Plaintiff,	Hon.

vs.

CITY OF WARREN,
OFFICER DAVID GIFFORD,

Defendants.
_____/

**ERNST LAW FIRM PLC**
HANNAH R. FIELSTRA (P82101)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ernstlawplc.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, ANISHA FOSTER, by and through her attorneys, ERNST LAW FIRM, PLC, in support of her complaint states as follows:

1

## VENUE AND JURISDICTION

1. Plaintiff was at all times relevant hereto, a citizen of the United States and State of Michigan residing in the Eastern District of Michigan.

2. The cause of action arose in the City of Warren, Michigan, in the Eastern District of Michigan.

3. Defendant CITY OF WARREN was at all times relevant hereto a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

4. Defendant DAVID GIFFORD was at all times relevant hereto an officer of the City of Warren Police Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Warren Department and is being sued in his individual capacity.

5. The federal claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983.  Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

7. On or about May 8, 2023, around approximately 1:30pm, Plaintiff Anisha Foster was driving home from work.

8. She parked her vehicle in front of her house located on Timken Street in Warren, Michigan.

9. As she began to exit her vehicle to go inside her home, she saw flashing lights from a police car behind her, and suddenly, Defendant Gifford forcefully grabbed her arm.

10. Plaintiff asked Defendant what was going on, but Defendant only told her that she could not walk away.  Defendant Gifford refused to tell Plaintiff what was going on or what she allegedly did wrong at any point during the encounter.

11. Defendant Gifford then placed one of Plaintiff's wrists in handcuffs and tackled to her to the ground, face down, to put her other wrist in the handcuffs.

12. While on the ground with Defendant Gifford on top of her, Plaintiff complained that her wrist was hurting multiple times.  At one point, there was blood dripping from Plaintiff's wrist.

13. Plaintiff was unarmed and not posing a threat to Defendant Gifford.

14. Defendant Gifford forcefully struck Plaintiff with his knee in her left upper thigh/buttocks area.

15. There was no reasonable belief that the officer was in imminent danger of death or great bodily harm or injury at the time of the use of force.

16. The use of force was objectively unreasonable under the circumstances and was clearly excessive.

17. Plaintiff was then transported to the Warren Police Department where she was in a holding cell for approximately three hours.

18. Plaintiff was eventually told by a sergeant that he reviewed the body camera footage and Plaintiff was released without tickets or charges.

19. Upon information and belief, Defendant Gifford had a history of using excessive force, including an incident where he pushed a man off his bicycle and to the ground *that same day*.

20. At all times relevant hereto, Plaintiff Anisha Foster sustained numerous and permanent injuries which were directly and proximately caused by Defendants' tortious conduct.

21. At all times relevant hereto, the conduct of Defendants proximately caused Plaintiff, Anisha Foster's, Fourth Amendment rights to be violated when Defendant Gifford, who was acting under the color of state law as an officer employed by the City of Warren Police Department, improperly and unlawfully exercised excessive force against Plaintiff.

## COUNT I: EXCESSIVE FORCE AS TO DEFENDANT OFFICER

22. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by Defendant Gifford.

23. The degree of force used by the Defendant was objectively unreasonable and clearly excessive in light of the circumstances.

24. Defendant Gifford subjected Plaintiff to the use of excessive force by forcefully placing her in handcuffs, slamming her onto the concrete ground, and forcefully striking her with his knee several times, among other acts of excessive force to be discovered through the course of litigation.

25. There were no attempts to limit or temper the amount of force used on Plaintiff.

26. There was no threat of harm that could be reasonably perceived by Defendant.

27. Defendant's conduct in using excessive force violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

28. The conduct of Defendant was, and remains, extreme and outrageous, subjecting him to punitive damages.

29. As a result of Defendant Gifford's conduct, Plaintiff suffered serious and severe damages, as hereinafter alleged.

## COUNT II: MONELL LIABILITY AGAINST THE CITY OF WARREN

30. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

31. At all times relevant hereto, Defendant CITY OF WARREN, failed to train, discipline, monitor, and supervise officers regarding the reasonable use of force in handling citizens who are unarmed and pose no danger, and /or encouraged the officers to violate federal and state laws without regard to the

constitutional rights of citizens to be free from violations of the Fourth Amendment to the United States Constitution.

32. Defendant had knowledge that Defendant Gifford, during his tenure as a City of Warren Police Officer, had claims of excessive force against him.

33. Defendant City of Warren ratified Defendant Gifford's prior conduct of excessive force.

34. The training provided to Defendant Gifford and other officers on the use of force was inadequate for the tasks performed.

35. The inadequacy of training on the use of force was the result of the City of Warren's deliberate indifference.

36. As a result of the inadequacy of training provided to Defendant Gifford and other officers, Plaintiff was tackled to the ground, forcefully handcuffed in a way that caused permanent and serious injury to her wrist, and forcefully struck multiple times in the upper thigh/buttocks, causing the injuries alleged.

37. As a result of the ratification of Defendant Gifford's prior excessive force conduct, Plaintiff was tackled to the ground, forcefully handcuffed in a way that caused permanent and serious injury to her wrist, and forcefully struck multiple times in the upper thigh/buttocks, causing the injuries alleged.

38. The risk of injury to an unarmed, nonthreatening citizen who is tackled, forcefully handcuffed and struck multiple times is so obvious and foreseeable

6

that failure to provide adequate training regarding use of force in this regard amounts to deliberate indifference.

39. At all times relevant hereto, Defendants refused to provide the officers any training, discipline, policies, procedures and supervision with regard to the constitutional rights of citizens to be free from violations of the Fourth Amendment to the United States Constitution; refused to provide the officers with supervision and discipline to protect the constitutional rights of citizens; refused to require the officers to follow policies and procedures and state and federal law relating to the right of a citizen to be free of excessive force and poses no danger.

40. At all times relevant hereto, Defendants knew, or should have known, that the policies, procedures, training supervision and discipline of the officers were inadequate for the tasks that each Defendant was required to perform.

41. At all relevant times there was a custom and practice of the use of force one or more levels above the appropriate response in handling a person who is unarmed and poses no danger or threat to others.

42. At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers. As a result of the lack of training, defendant was inadequately prepared to handle an unarmed person who posed no risk of harm to others.

7

43. At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers. The training, supervision and lack of discipline were so reckless, that future violations of the constitutional rights of citizens to be free from violations of the Fourth Amendment to the United States Constitution, as described in the preceding paragraphs, were certain to occur.

44. At all times relevant hereto, Defendants were on notice and knew that the failure of training, discipline and/or supervision of the officers with regard to the constitutional rights of citizens to be free from violations of the Fourth Amendment to the United States Constitution, as described in the preceding paragraphs, were inadequate and would lead to the violation of detainee's constitutional rights.

45. At all times relevant hereto, Defendants' response to this knowledge was so inadequate as to show a complete disregard for whether the officers would violate the constitutional rights of citizens to be free from violations of the Fourth Amendment to the United States Constitution.

46. Defendants implicitly authorized, approved, ratified or knowingly acquiesced in the excessive force of citizens, and knew, or should have known, that such treatment would deprive citizens of their constitutional rights.

47. At all times relevant hereto, there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth Amendment to the United States Constitution, as described in the preceding paragraphs.

48. At all times relevant hereto, Defendants knew, or should have known, that there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth Amendment to the United States Constitution, as described in the preceding paragraphs.

49. Defendants tolerated and ratified the police officers' repeated violations of the Fourth Amendment to the United States Constitution, which allowed the officers to continue to engage in this unlawful behavior.

50. Defendants refused to discipline officers who violated citizens' constitutional rights to be free from violations of the Fourth Amendment to the United States Constitution; failed to fully investigate allegations of misconduct, looked the other way, and thus, tacitly encouraged and ratified such behavior. In doing so, Defendants condoned, ratified or encouraged the officers' staff to violate the Fourth Amendment to the United States Constitution as a matter of policy.

51. That the conduct of the aforementioned Defendants, individually, corporately and as agents of said individual Defendants, deprived Plaintiff of her clearly-established rights, privileges, and immunities guaranteed him under the

9

United States Constitution, specifically those set forth under the Fourth Amendments to same, as evidenced by the following particulars:

a. Permitting Plaintiff and other citizens to be subject to excessive force in violation of the Fourth Amendment;

b. Failing to properly train and supervise the individuals within the aforementioned department;

c. Tolerating the conduct of individuals within the aforementioned department when it was apparent that there was a pattern of treatment of Plaintiff and other persons in a manner consistent with excessive force and in violation of her Fourth Amendment protection against excessive force;

d. Failing to discipline the individuals within the aforementioned department when it was apparent that they were using excessive force.

## DAMAGES

52. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

53. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

a. Nerve Damage in Plaintiff's hand/wrist;

b. Permanent Scarring;

    c. Bruising;

    d. Stress and anxiety;

    e. PTSD;

    f. Physical pain, suffering and discomfort, past, present and future;

    g. Aggravation, exacerbation, and acceleration of pre-existing injuries;

    h. Injury to reputation;

    i. Mental anguish;

    j. Fright and shock;

    k. Humiliation and discomfiture;

    l. Mortification and embarrassment;

    m. Emotional and psychological injuries;

    n. Loss of enjoyment of social pleasures;

    o. Medical bills;

    p. Attorney fees and costs; and

    q. Other injuries and damages to be discovered through the course of litigation.

54. By virtue of the nature of all Defendants' actions, Plaintiff is entitled to recover compensatory, punitive, and exemplary damages against all Defendants.

55. Plaintiff also seeks an award of attorney fees against all Defendants, pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff ANISHA FOSTER respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

Respectfully submitted,

*/s/ Hannah R. Fielstra*
HANNAH R. FIELSTRA (P82101)
**Ernst Law Firm, PLC**
Attorneys for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ernstlawplc.com

Dated: June 10, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANISHA FOSTER,                                                    Case No.

                                                                                                                          Hon.

       Plaintiff,

vs.

CITY OF WARREN,
OFFICER DAVID GIFFORD,

Defendants.
_____/

**ERNST LAW FIRM PLC**
HANNAH R. FIELSTRA (P82101)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ernstlawplc.com
_____/

## REQUEST FOR JURY TRIAL

Plaintiff hereby reaffirms her request for a trial by jury in the above-captioned matter.

                              Respectfully submitted,

                              */s/ Hannah R. Fielstra*
                              HANNAH R. FIELSTRA (P82101)
                              **Ernst Law Firm, PLC**
                              Attorneys for Plaintiff
                              645 Griswold Street, Suite 4100
                              Detroit, Michigan 48226

                (313) 965-5555
                hannah@ernstlawplc.com

Dated: June 10, 2024